IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CALE EUGENE HAUER, | Cause No. CV 14-167-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND |
| | RECOMMENDATION OF U.S. |
| MARTIN FRINK, | MAGISTRATE JUDGE |
| Respondent. | |

This case comes before the Court on Petitioner Cale Hauer's application for writ of habeas corpus. Hauer is a state prisoner proceeding pro se.

On October 2, 2014, Hauer was ordered to show cause why his petition should not be dismissed with prejudice as time-barred. He responded on October 14, 2014.

Hauer challenges the validity of a guilty plea he entered in 1996. Other than sentence review, he pursued no relief in the state courts until 2014, when he filed a petition for writ of habeas corpus in the Montana Supreme Court. The petition was dismissed because, except where a sentence is "facially invalid,"[1] the habeas writ is not available under state law to challenge the validity of a conviction or sentence,

---

[1] A sentence is "facially invalid" if a person looking only at the judgment and the governing statutes can see the judgment exceed statutory authority. Even if all the facts Hauer alleges are true, they do not make his sentence invalid on its face.

*see* Mont. Code Ann. § 46-22-101; *Lott v. State*, 150 P.3d 337, 342 ¶ 22 (Mont. 2006), and Hauer's time to apply for postconviction relief had long since expired. Order at 1-2, *Hauer v. Frink*, No. OP 14-0217 (Mont. Apr. 29, 2014), *available at* http://supremecourtdocket.mt.gov.

Like his remedies under state law, Hauer's time to seek a federal habeas remedy expired long ago. Hauer's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). That occurred 60 days after November 26, 1996, when the second amended judgment was entered. *See* Pet. (Doc. 1) at 1; Mont. R. App. P. 5(b) (1995); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Hauer should have filed his federal petition on or before Monday, January 26, 1998. He filed on May 19, 2014, more than 16 years too late.

Hauer was given an opportunity to show cause why his federal petition should not be dismissed with prejudice as time-barred. *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord*, *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). He was also advised of how he might make that showing. *See* Order to Show Cause (Doc. 5) at 2.

Hauer responds that he is actually innocent because the only evidence the State produced to support his guilty plea was his confession, which he claims was illegally obtained after he asserted his *Miranda* rights. He also asserts that trial

counsel was ineffective because he failed to file a timely notice of appeal. Resp. to Order (Doc. 6) at 1-2; *see also, e.g.*, *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Because Hauer pled guilty, it is not surprising that the transcripts of the proceedings show the State produced no evidence to corroborate his confession. Resp. to Order at 2. This is not evidence of actual innocence. Moreover, Hauer should have known long ago that counsel had not filed a notice of appeal. Hauer fails to show any legal or factual basis on which his petition might be made timely or its untimeliness might be excused.

A certificate of appealability should be denied. Hauer's allegations do not make a substantial showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and there is no room for reasonable jurists to question the procedural ruling, *Gonzalez*, 132 S. Ct. at 648 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  The Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred.

2.  The Clerk of Court should be directed to enter by separate document a

judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Hauer may object to this Findings and Recommendation within 14 days.[2] 28

U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Hauer must immediately notify the Court of any change in his mailing

address by filing a "Notice of Change of Address." Failure to do so may result in

dismissal of his case without notice to him.

DATED this 22nd day of October, 2014.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.