IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CALE EUGENE HAUER,<br><br>        Petitioner,<br><br>vs.<br><br>MARTIN FRINK,<br><br>        Respondent. | CV 14–167–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on October 22, 2014 recommending that Hauer's petition for habeas corpus be dismissed with prejudice as time-barred. Hauer timely objected to the Findings and Recommendation on October 31, 2014, and is therefore entitled to *de novo* review. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the

1

findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 (D. Mont. 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Lynch's Findings and Recommendation in full.

Hauer pled guilty in 1996, and other than sentence review, has not pursued relief in the state courts until he filed a petition for writ of habeas corpus in the Montana Supreme Court in 2014. That petition was dismissed as time-barred and because the sentence was not "facially invalid" pursuant to Montana Code Annotated § 46-22-101. *Hauer v. Frink*, No. OP 14-0217 (Mont. Apr. 29, 2014). Hauer filed his federal petition on May 19, 2014. Judge Lynch issued an Order on October 2, 2014 giving Hauer the opportunity to show cause why his federal petition should not be dismissed with prejudice as time-barred. (Doc. 5.) Hauer responded that he was actually innocent and that his trial counsel was ineffective. (Doc. 6.) In his findings and recommendation, Judge Lynch found that Hauer was unable to show any legal or factual basis on which his petition might be made timely or otherwise excuse its untimeliness. Hauer objects, stating that there were extraordinary circumstances standing in his way of timely filing his federal petition. Specifically, he alleges his Miranda rights were violated, his right to due process was violated when he did not receive an "admissability of confession

hearing", and realleging ineffective assistance of counsel.

In this case, Hauer's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). His conviction was final on January 26, 1997, 60 days after the second amended judgment was entered. *See* Pet. (Doc. 1) at 1; Mont. R. App. P. 5(b) (1995); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-654 (2012). Hauer's petition in this case was filed more than sixteen years later. Equitable tolling is only applicable when the petitioner alleges facts that, if proved true, would show he diligently pursued his rights but an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Hauer's objections, even if proved true, do not show any evidence that would have prevented him from timely filing his federal petition. The alleged violation of his Miranda rights, the lack of an admissability of confession hearing prior to indictment, and alleged ineffective assistance of counsel all occurred within the one-year time limitation. Further, the fact that Hauer did not pursue any relief, other than sentencing review, in his case for 16 years demonstrates a lack of diligence in pursuing his rights.

There being no clear error in Judge Lynch's remaining Findings and Recommendation,

3

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 7) are ADOPTED in full.  Hauer's petition (Doc. 1) is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondent and against Petitioner.

Dated this 12th day of January, 2016.

Dana L. Christensen, Chief Judge
United States District Court